ACCEPTED
15-24-00111-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/4/2025 3:05 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00111-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/4/2025 3:05:33 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTEENTH JUDICIAL DISTRICT
## AUSTIN, TEXAS

**Glenn Hegar, Comptroller of Public Accounts of the State of Texas, and Ken Paxton, Attorney General of the State of Texas**
*Appellants*,

v.

**ChampionX, LLC**,
*Appellee*.

On Appeal from the 419th Judicial District Court
Travis County, Texas
Cause No. D-1-GN-20-000139

## MOTION FOR LEAVE TO FILE SURREPLY
## IN RESPONSE TO APPELLANTS' REPLY BRIEF

Deborah S. Sloan
State Bar No. 00786230
dsloan@jonesday.com
Jones Day
2727 N. Harwood Street
Suite 500
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

John M. Allan (*pro hac vice*)
jmallan@jonesday.com
Antoinette L. Ellison (*pro hac vice*)
aellison@jonesday.com
Jones Day
1221 Peachtree Street NE
Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

*Counsel for Appellee*
**ORAL ARGUMENT REQUESTED**

## Motion for Leave to File Surreply

In their opening brief, Appellants proffered only two arguments to support their claim that the trial court erred in ruling that "[t]he exemption for property used in manufacturing under Tex. Tax Code § 151.318 exempts the portafeed drums, tanks, and totes (the 'Property') at issue from Texas sales and use tax." CR1 916. First, Appellants contended that the Property did not qualify for the exemption under Section 151.318(a)(1)—a separate exemption that ChampionX does not seek—because the Property was neither an "ingredient nor component part" of the chemicals manufactured for ultimate sale. Appellants' Br. 11, 17-20. Second, they argued that the Property was excluded from the Manufacturing Exemptions in Section 151.318 altogether by subsection (c)(3) and (c)(4) because it was equipment used for distribution, transportation, maintenance, or storage. *Id.* at 11, 20-22.

Notably, Appellants did not address the three exemptions claimed by ChampionX: exemptions (a)(5), (a)(8), and (a)(10). Indeed, their opening brief does not even mention these provisions nor is there any discussion at all of pollution control processes ((a)(5)), quality control processes ((a)(8)), or public health requirements ((a)(10)). At most, Appellants quoted a threshold requirement common to a number of the 11 Manufacturing Exemptions—that the Property be "used or consumed [in/]during the actual manufacturing, processing, or fabrication of tangible personal property for ultimate sale." *See* Appellants' Br. 7 (quoting

exemption Tex. Tax Code § 151.318(a)(2), which ChampionX does not seek); *see also* Tex. Tax. Code § 151.318(a)(5), (a)(8), & (a)(10) (including the same threshold requirement as (a)(2)). But nowhere did Appellants argue that the threshold requirement was not met, nor did they argue that the Property is not essential to pollution control processes, quality control processes, or public health requirements.

Now, for the first time in their reply, Appellants argue that the Property does not qualify for the (a)(5), (a)(8), and (a)(10) Manufacturing Exemptions. In particular, they argue, erroneously, that the Property is not used in actual manufacturing. Appellants' Reply 1-2, 13-15, 17-18. The Court should not consider arguments raised for the first time in a reply brief. *See, e.g., Int. of F.L.J.B.*, No. 05-23-00024-CV, 2024 WL 3083300, at *12 (Tex. App.—Dallas June 21, 2024, pet. denied) ("[W]e note that Andrew attempts to present some additional tracing arguments with record references in his reply brief. But we do not consider arguments raised for the first time in a reply brief."). "[A]n appellant who develops her arguments for the first time in her reply waives the issue." *Zoanni v. Hogan*, No. 01-16-00584-CV, 2024 WL 5248863, at *39 n.31 (Tex. App.—Houston [1st Dist.] Dec. 31, 2024, pet. filed) (citing *Bank of Am., N.A. v. Barth*, No. 13-08-00612-CV, 2013 WL 5676024 at *3 (Tex. App.—Corpus Christi—Edinburg Oct. 17, 2013, no pet.) (mem. op.) (appellant waived issue because it "developed this argument, citing to the record and authority for the first time in its reply brief"); *Palma v. Harris*

*Cnty. Appraisal Review Bd.*, No. 01-17-00705-CV, 2018 WL 3355052, at *2 (Tex. App.—Houston [1st Dist.] July 10, 2018, pet. denied) (mem. op.) (appellant who "did not develop or properly brief his argument that he was entitled to a situs hearing until his reply brief" waived issue due to inadequate briefing)).

But in any event, Appellants have conceded the very fact they now belatedly claim ChampionX failed to establish. In their brief, Appellants admit:

> After the Containers are cleaned at a reconditioning facility, they are sent back to one of Champion[X]'s plants. The cleaned and reconditioned Containers are then ***inserted back into Champion[X]'s chemical production process*** to be reused for sending new batches of chemicals to additional end-user customers.

Appellants' Br. 3 (emphasis added). And in the parties' joint stipulations, Stipulation No. 39 states that "Cleaned and repaired [drums, totes, and tanks] are transferred back to Plaintiff and ***inserted back into the manufacturing process***." CR1 219 (emphasis added). Thus, it is undisputed that ChampionX's Property is used in the chemical manufacturing process.

At a minimum, ChampionX should be permitted to respond to Appellants' newly raised arguments to demonstrate, first, that they are waived and second, to show that Appellants' argument regarding what can only be viewed as the final stage of the manufacturing process is incorrect. Accordingly, ChampionX respectfully requests leave to file a surreply.

## Conclusion

For the foregoing reasons, ChampionX respectfully requests that the Court grant it leave to file a surreply in response to Appellants' reply brief.

Dated: June 4, 2025

Respectfully submitted,

*/s/Deborah S. Sloan*
Deborah S. Sloan
State Bar No. 00786230
dsloan@jonesday.com
Jones Day
2727 N. Harwood Street, Suite 500
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

John M. Allan (*pro hac vice*)
jmallan@jonesday.com
Antoinette L. Ellison (*pro hac vice*)
aellison@jonesday.com
Jones Day
1221 Peachtree Street NE, Suite 400
Atlanta, Georgia 30361
Telephone: (404) 521-3939
Facsimile: (404) 581-8330

*Counsel for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2025, a true and correct copy of

the foregoing was served on the following counsel of record via e-service:

Kyle Pierce Counce
Assistant Attorney General
State Bar No. 24082862
Tax Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
512-463-3312
512-478-4013 (fax)
kyle.counce@oag.texas.gov

*Attorneys for Appellants*

/s/ Deborah S. Sloan
Deborah S. Sloan

## CERTIFICATE OF CONFERENCE

Antoinette Ellison conferred with counsel for Appellants by email on June 2, 2025. Appellants are opposed to this motion.

/s/ Deborah S. Sloan
Deborah S. Sloan

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carla Dennis on behalf of Deborah Sloan
Bar No. 786230
cydennis@jonesday.com
Envelope ID: 101622155
Filing Code Description: Motion
Filing Description: Motion for Leave to File Surreply in Response to Appellants Reply Brief
Status as of 6/4/2025 4:55 PM CST

Associated Case Party: ChampionX, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Deborah Sloan | 786230 | dsloan@jonesday.com | 6/4/2025 3:05:33 PM | SENT |
| Carla Dennis | | cydennis@jonesday.com | 6/4/2025 3:05:33 PM | SENT |
| John MAllan | | jmallan@jonesday.com | 6/4/2025 3:05:33 PM | SENT |
| Antoinette L.Ellison | | aellison@jonesday.com | 6/4/2025 3:05:33 PM | SENT |

Associated Case Party: Ken Paxton, Attorney General of the State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kyle PierceCounce | | kyle.counce@oag.texas.gov | 6/4/2025 3:05:33 PM | SENT |